**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------x
DESIREE RIVERA,

<table>
<tr><td>                                Plaintiff,</td><td><u>CLASS AND COLLECTIVE</u><br><u>ACTION COMPLAINT</u></td></tr>
<tr><td>               -against-</td><td>Case No.: _____</td></tr>
<tr><td>FJB CONTRACTING INC. and FRANCIS J. BRADY,<br><i>individually</i>,</td><td>PLAINTIFF DEMANDS<br>A TRIAL BY JURY</td></tr>
<tr><td>                               Defendants.</td><td></td></tr>
</table>

----------------------------------------x

Plaintiff, Desiree Rivera, by his attorney, The Rose Law Group, PLLC, upon information and belief, complains as follows:

<u>**NATURE OF THE CASE**</u>

1. Plaintiff, individually and on behalf of all other similarly situated current and former hourly employees of Defendants, complains pursuant to the <u>Fair Labor Standards Act</u>, 29 U.S.C. §201 *et seq.* ("FLSA") and the <u>New York State Labor Law, Articles 6 & 19</u> ("NYLL") for failure to pay an overtime premium for hours Plaintiff and other hourly employees were required to report to work, ready to perform work and actually perform work duties. Plaintiff seeks to recover unpaid back wages, the overtime premium, and an additional amount as liquidated damages, reasonable attorneys' fees and costs.

2. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), the New York State Human Rights Law, New York State Executive Law §296 et. seq. ("NYSHRL"), seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of being **discriminated against** on the basis of her **gender** and **race**.

## JURISDICTION AND VENUE

3.    Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C. §216(b)). Jurisdiction of this Court is also proper under 42 U.S.C. §12101 et. seq.; 29 U.S.C. §2617.

4.    Supplemental Jurisdiction is proper over the State law claims pursuant to 28 U.S. Code § 1367.

5.    Venue is proper in this district based upon Defendants' residency within New York County, State of New York, within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

6.    That at all times relevant hereto, Plaintiff Desiree Rivera ("Rivera") is a resident of the State of New York and Westchester County.

7.    That at all times relevant hereto, Defendant FJB Contracting Inc. ("FJB Contracting") was and is a Domestic Business Corporation duly authorized and existing by virtue of the laws of the State of New York.

8.    That at all times relevant hereto, Defendant Francis J. Brady is the Owner of FJB Contracting Inc.

9.    That at all times relevant hereto, Defendant FJB Contracting does business in the State of New York.

10.    That at all times relevant hereto, Defendant FJB Contracting is located at 45 Saw Mill River Rd # 3, Yonkers, NY 10701.

11.    Plaintiff Rivera is and was, during all relevant times, an employee for Defendant FJB

Contracting Inc.

## THE FLSA CLASS

12.  While class certification pursuant to FRCP Rule 23 is not required for an FLSA collective action, defining the class of eligible FLSA Plaintiffs is useful, as the Court will be asked to order Defendants to produce the names and addresses and other information of potential opt-in Plaintiffs.

13.  The class of eligible opt-in Plaintiffs consists of all persons who worked for Defendants as an hourly employee at any time from three (3) years prior to the filing of this case, to entry of judgment in this case (the "FLSA Class" and "Class Period," respectively).

14.  Although the precise number of putative class members is unknown, and facts upon which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over twenty-five (25) members of the FLSA Class who worked for Defendants within the last three (3) years.

15.  There are questions of law and fact common to this FLSA Class which predominate over any questions solely affecting individual members of the FLSA Class, including whether Defendants failed to compensate employees with the overtime premium for hours worked over forty (40) hours in a week.

16.  Plaintiff's claims are typical of the claims of the FLSA Class in that she worked as an hourly worker and was not paid time and a half for hours worked over forty (40) each week.  Plaintiff will fairly and adequately protect the interests of the FLSA Class.

17.  A collective action is superior to other methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

18. Defendants have acted or refused to act on grounds generally applicable to the FLSA Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

19. At all times relevant to this action, Plaintiff and other FLSA Class Plaintiffs were employed by Defendants within the meaning of the FLSA.

20. At all times relevant to this action, Defendants transacted and transacts commerce and business in excess of $500,000.00 annually or has revenues in excess of $500,000.00 annually, for all applicable periods in question. Further, Plaintiffs were directly involved in interstate commerce.

21. At all times relevant to this action, Defendants willfully failed to pay all FLSA Class Plaintiffs the overtime premium for hours worked in excess of forty (40) each week.

22. At all times relevant to this action, due to Defendants' FLSA violations, Plaintiff and other FLSA Class Plaintiffs are entitled to recover from Defendants their unpaid wages, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §216(b).

**THE RULE 23 NYLL CLASS**

23. Plaintiff also brings this action on behalf of herself and all other persons similarly situated pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

24. The class of eligible Plaintiffs consists of all persons who worked for Defendants as an hourly worker at any time from six (6) years prior to the filing of this case to entry of judgment in this case, and who are not paid the required overtime premium in violation of the NYLL ("Rule 23 NYLL Class").

25.     As the members of the Rule 23 NYLL Class are numerous and of an unknown number, joinder of all members is impracticable. The precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant.

26.     Upon information and belief the number of potential members of the Rule 23 NYLL Class exceed forty (40).

27.     Plaintiff's claims are typical of the claims of the Rule 23 NYLL Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

28.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 NYLL Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 NYLL Class as a whole.

29.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

30.     Plaintiff has the same interests in this matter as all other members of the Rule 23 NYLL Class and Plaintiff's claims are typical of the Rule 23 NYLL Class.

31.     There are common questions of law and fact affecting all members of the Rule 23 NYLL Class which predominate over any questions only affecting the individual members of the Rule 23 NYLL Class, including but not limited to:

          a.     Whether Defendants employed the members of the Rule 23 NYLL Class within the meaning of the NYLL and FLSA;

          b.     Whether Defendants failed and/or refused to pay the members of the Rule 23 NYLL Class overtime premium pay for time worked each week which was in excess of forty (40) hours; and,

c.  Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated, punitive and statutory damages, interests, costs and disbursements and attorneys' fees.

32.  This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(2), since the unlawful actions of Defendant, as alleged herein, has been taken on grounds equally applicable to all members of the Rule 23 NYLL Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 NYLL Class as a whole.

33.  Alternatively, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Rule 23 NYLL Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Rule 23 NYLL Class, which would establish incompatible standards of conduct for Defendants who oppose the Rule 23 NYLL Class.

34.  Alternatively, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies between the parties.

35.  The members of the Rule 23 NYLL Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedure that violate the NYLL.

## **MATERIAL FACTS**

36.  Plaintiff Rivera was hired by Defendant FJB Contracting in August of 2015 as an administrative assistant.

37.  Plaintiff Rivera accepted the job believing the pay would be twenty dollars ($20.00) as stated by the manager during their initial interview in August of 2015. When the first pay

period arrived, she was told by a female employer that for a few weeks she would only receive eighteen dollars ($18.00) per hour until she understood the job and then she would receive an increase in pay.

38.    Plaintiff Rivera's schedule required her to work from Monday through Friday from anytime between 8:40 a.m. to 9:00a.m. through 5:30 p.m. In total, Plaintiff Rivera worked between forty-one (41) to forty-three (43) hours per week.

39.    Throughout the time of Plaintiff Rivera's employment, Defendant FJB Contracting failed to pay her time and a half for hours worked after she completed the standard forty (40) hour work week.

40.    In fact, Plaintiff Rivera was aware, since she worked in the office, that all of Defendants' hourly employees did not get time and a half for hours worked over forty (40) in a week.

41.    She also spoke with some other employees and found that they similarly were not pay time and a half for hours worked over forty (40) each week.

42.    Defendants had a policy that all hourly employees did not receive time and a half for hours worked over forty (40) each week.

43.    Plaintiff Rivera worked diligently and learned the requirements and responsibilities of her job.

44.    In or around October of 2015, she requested an increase in pay as she was still receiving eighteen dollars ($18.00) per hour.

45.    Although several of her co-workers received a raise, Plaintiff Rivera did not. Plaintiff Rivera never received a response for her initial request for an increase in pay.

46.    Plaintiff Rivera was compensated at a rate of eighteen dollars ($18.00) per hour until March of 2016 when she began receiving twenty dollars ($20.00) an hour.

47.    Upon information and belief, throughout Plaintiff Rivera's employment under Defendant

FJB Contracting, they maintained a record of employees' hours in a binder Defendant referred to as "The Bible."

48. An officer manager kept record of all clock in and clock out times.

49. Although all the male employees were allowed to call or text in when they were on the site, Plaintiff Rivera had to be physically present.

50. Plaintiff Rivera was also harassed and targeted by the owner and president of Defendant FJB Contracting, Francis J. Brady, due to her gender.

51. Plaintiff Rivera and another coworker were the only two females who worked for Defendant FJB Contracting.

52. Plaintiff Rivera was often berated and yelled at by Mr. Brady.

53. Mr. Brady would ignore her when she spoke and often told her that her voice irritated him.

54. Mr. Brady also dismissed all suggestions or initiatives that Plaintiff Rivera made to better the work environment or the business itself.

55. Plaintiff Rivera also witnessed him make unpleasant comments to a female coworker about her facial acne and ethnic origin.

56. On one occasion he revealed he does not like working with Italians since they are "too stubborn", knowing that the female employee was of Italian descent.

57. Mr. Brady mandated that Plaintiff Rivera text him when she would leave to use the bathroom.

58. Plaintiff Rivera refused to comply with this overly burdensome and invasive request.

59. Plaintiff Rivera and the other female employee were also required to answer phone calls and text messages promptly.

60. If they missed a phone call or did not answer a text message immediately, Mr. Brady would send offensive text messages suggesting that he paid their cell phone bills so they were

required to answer promptly.

61. In December of 2015, Plaintiff Rivera was re-gifted a fruit basket that Mr. Brady did not want. He gifted her the fruit basket in replace of paying her a Christmas Bonus.

62. Plaintiff Rivera later learned that all male coworkers received money for their Christmas Bonus.

63. In March of 2016, Plaintiff Rivera sent a lengthy text message to Mr. Brady indicating her frustration in regards to the increase in pay.

64. She expressed that she was misled upon hiring of what the rate would be and that she has yet to receive a raise.

65. Mr. Brady agreed to give her the raise but suggested that it was only because of what she was told and not because she deserved it.

66. This is when Plaintiff Rivera's hourly rate increased from eighteen dollars ($18.00) an hour to twenty dollars ($20.00) an hour.

67. After her hourly rate was raised to twenty dollars, Plaintiff Rivera never received an additional raise despite her hard work.

68. Plaintiff Rivera faced constant harassment from Mr. Brady. He repeatedly insulted Plaintiff Rivera, calling her "stupid", "incapable", and "embarrassing" as an employee. Upon information and belief this was due to her gender.

69. Plaintiff Rivera would often find herself losing sleep and hysterically crying from fear of losing her job.

70. She sought medical help and began visiting a psychiatrist and was placed on anti-anxiety and anti-depressant medications.

71. Every day she returned to work fearing that she would be criticized or terminated by Mr. Brady.

72.    Due to increasing stress at work, Plaintiff Rivera also experienced physical problems.

73.    In June of 2017, Mr. Brady threatened to demote Plaintiff Rivera and cut her pay. After finding herself repeatedly defending her job, Plaintiff Rivera brought in legal material and articles she found online regarding the lawfulness of demoting employees. After this, Mr. Brady no longer allowed both Plaintiff Rivera and the other female employee to work more than forty hours in a week.

74.    Mr. Brady also enforced a mandatory 30 minute unpaid break. He did not mandate male employees do the same.

75.    In July of 2017, while an office manager was away on vacation, Plaintiff Rivera and a male employee found that they were backed up on work.

76.    Mr. Brady asked the male employee to come into the office early one morning in order to catch up on his work.

77.    Plaintiff Rivera also came into the office early that morning, so that she could catch up on her work as well.

78.    Mr. Brady approached Plaintiff Rivera and began to yell and berate her in front of the male coworker.

79.    Mr. Brady called her "disrespectful" and a "smart little girl" for coming in early to the office.

80.    He asked why she though it was a good idea to come in earlier, when she already "irritates" him and he cannot stand her being there.

81.    In an attempt to calm him down, Plaintiff Rivera offered to leave and come back when her shift starts.

82.    When Plaintiff Rivera returned to the office, her male coworker apologized on behalf of Mr. Brady. Mr. Brady never apologized for his grotesque actions.

83.    Mr. Brady harassed Plaintiff Rivera on a daily basis. It became very apparent to coworkers that Mr. Brady was only hostile with female employees and showed favoritism to all male employees.

84.    Plaintiff Rivera dealt with the constant harassment until learning she was pregnant on August 6, 2017. Plaintiff Rivera then began searching for a new job as she could no longer tolerate the stressful work environment.

85.    Plaintiff Rivera accepted another job position on August 10, 2017 and submitted her two week notice via email to Mr. Brady that same day.

86.    Plaintiff Rivera chose to leave Defendant FJB Contracting Inc. as no reasonable person could continue to work under these circumstances. Plaintiff Rivera was constantly berated and made to feel less than due to their gender on a near daily basis. Plaintiff Rivera believed that to be the best choice for her mental and physical health, as well as for her pregnancy.

87.    Plaintiff Rivera is owed overtime premium to which she is entitled under the FLSA and NYLL and has been damaged in an amount yet to be determined.

88.    Plaintiff Rivera is also owed damages for any losses suffered as a result of the harassment and discrimination she faced. These damages are in an amount yet to be determined.

89.    Defendant's violations of the FLSA and NYLL, Title VII and the NYSHRL were done with knowledge of the law and with full understanding that this policy violated the law.

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

90.    Plaintiff, on behalf of herself and all others similarly situated, repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

91.    Defendant willfully employed Plaintiff and the FLSA Class in the afore-mentioned enterprise and failed to compensate Plaintiff and all other hourly employees for all hours

worked during his employment.

92. Upon information and belief, Defendants do more than $500,000.00 in business each year and handle goods which have moved in interstate commerce.

93. Defendant failed to pay the legally mandated minimum wage and overtime premium for all hours worked by Plaintiff and other hourly employees and for hours worked over forty (40).

94. Defendants' failure to comply with the FLSA caused Plaintiff and members of the FLSA Class to suffer loss of wages.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW (overtime)

95. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

96. Plaintiff and the Rule 23 NYLL Class were employees of Defendants within the meaning of New York Wage Regulations (NYCRR Labor Section 138 et seq.).

97. Defendants failed to pay Plaintiff and the Rule 23 NYLL Class the overtime premium for certain hours when Plaintiff and the Rule 23 NYLL Class was required to be at work, ready to work, and actually performing the work for more than forty (40) hours in a week.

98. Defendants' failure to comply with the New York Labor Law overtime protections caused Plaintiff and the Rule 23 NYLL Class to suffer loss of wages and interest thereon.

99. Defendants' violation was willful.

100. Defendants failed to pay overtime pay as is required by the New York Labor Law.

101. On account of such violations, Defendants are liable to Plaintiff and the Rule 23 NYLL Class for actual, statutory and liquidated damages.

## AS A THIRD CAUSE OF ACTION FOR
## VIOLATION OF NEW YORK LABOR LAW (wage notice and statement)

102.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

103.    At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 190 et seq., including §§ 191, 193, 195, 198 and the applicable regulations thereunder.

104.    At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b).

105.    At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d)

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

106.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

107.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants.    Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race and gender.

108.    Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et
        seq., by discriminating against Plaintiff because of her race and gender.

### AS AND FOR A FIFTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER STATE LAW

109.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of
        this complaint.

110.    Executive Law § 296 provides that, "1. It shall be an unlawful discriminatory
        practice:  (a) For an employer or licensing agency, because of the age, race, creed, color,
        national origin, sex, or disability, or marital status of any individual, to refuse to hire or
        employ or to bar or to discharge from employment such individual or to discriminate
        against such individual in compensation or in terms, conditions or privileges of
        employment."

111.    Defendant engaged in an unlawful discriminatory practice by discriminating against
        Plaintiff solely due to her gender.

### INJURY AND DAMAGES

112.    As a result of the acts and conduct complained of herein, Plaintiff Leak has suffered and
        will continue to suffer the loss of a career and the loss of a possible salary, bonuses,
        benefits and other compensation which such employment entails, out-of-pocket expenses
        and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering,
        inconvenience, injury to his reputation, loss of enjoyment of life, and other non-pecuniary
        losses.  Plaintiff has further experienced emotional and physical distress.

### JURY DEMAND

113.    Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, the FLSA Class, and the Rule 23 NYLL Class respectfully request a judgment against the Defendants:

A. Awarding all wages not paid as required under the FLSA and NYLL, plus any damages under the FLSA and the NYLL and interest;

B. Declaring that Defendants' policies and procedures violate the FLSA and the NYLL;

C. Awarding damages to the Plaintiff, FLSA Class, and Rule 23 NYLL Class to otherwise make them whole for any losses suffered as a result of such unlawful employment practices and reinstating him to his prior position;

D. Awarding Plaintiff damages under the NYLL for violations of § 195 for failure to provide wage statements and notices;

E. Awarding Plaintiff damages for the emotional, physical and lost wages suffered as a result of Defendants' violations of Title VII and the NYSHRL;

F. Declaring that the Defendants violated Title VII and the NYSHRL;

G. Awarding Plaintiff punitive damages and liquidated damages;

H. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

I. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Astoria, New York
      November 1, 2018

**THE ROSE LAW GROUP, PLLC**

_____

Jesse C. Rose (JR-2409)
3109 Newtown Avenue; Suite 309
Astoria, New York 11102
PH: (718) 989-1864
Fax: (917) 831-4595