

**The Rose Law Group, PLLC**
Attorneys at Law

Jesse C. Rose, Esq.
JRose@TheRoseLawGroup.com
31-09 Newtown Avenue, Suite 309, Astoria, New York 11102
Direct: (718) 989-1864  Fax: (917) 831-4595
www.TheRoseLawGroup.com

July 2, 2019

**Via ECF**
Hon. Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York

Re: **Rivera v. FJB Contracting Inc. et al**
**Case No.: 17-cv-5085 (ARR) (JO)**

Dear Judge Karas:

We are the attorneys for the Parties in this matter and write jointly to seek approval of the parties' agreement to settle Plaintiff Desiree Rivera and Opt-in Plaintiff Dana Salvatore's ("Plaintiffs") claims for unpaid overtime. This letter is being submitted as a Request for Approval of Settlement and addresses all relevant issues to settlement. Based upon the information provided herein, the Parties respectfully request that the settlement agreement (attached as Exhibit A) be approved and that Plaintiffs' claims against the Defendants be dismissed with prejudice.

## INTRODUCTION

This action is filed under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §201, *et seq.*, and the New York Labor Law (the "NYLL") Articles 6 & 19. Plaintiffs allege that Defendants paid only straight time for all hours worked and did not provide the overtime premium of time and a half for hours worked over forty (40) each week.

## POTENTIAL DAMAGES

Plaintiff Rivera estimated that in the two years she worked for Defendants she worked an average of four (4) hours of overtime each week and would have received $10 overtime premium for each hour. Over 52 weeks each year and two years the total owed would be $4,160.00 in base damages. She also sought an equal amount in liquidated damages. Plaintiff Salvatore worked a similar number of hours and was similarly not paid the overtime premium. While she worked three and a half years, her estimated damages totaled approximately $7,280.00 and an additional amount of liquidated damages were sought.

Defendants' records show that neither Plaintiff was entitled to any overtime and dispute Plaintiffs' claims that they worked overtime. Their records show that overtime hours only were worked if a lunch break was not taken and dispute whether Plaintiffs took regular lunch breaks. Defendants, therefore, are confident that Plaintiffs' claims would be dismissed in their entirety at or before trial if settlement was not consummated.

By settling now Plaintiffs are avoiding the potential of losing potential damages on their wage and hour claims, not proving a willful violation, owing unpaid rental on the apartments they occupy, and the time and expense of extended litigation. Defendants also avoid incurring additional attorneys' fees and costs of litigation.

## THE PROPOSED SETTLEMENT

The Parties have negotiated a settlement of $15,000 total to be paid by Defendants in order to settle the FLSA claims asserted by the Parties. The Defendants have estimated that neither Plaintiff is owed anything. Further, they claim that there was a good faith defense to the claim and that financially they are unable to pay Plaintiffs. Each Plaintiff will receive a total of $5,000.00 after attorneys' fees.

## ARGUMENT

### The Proposed Settlement Should Be Approved

When parties settle FLSA claims with prejudice, the settlement must be approved by a district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

"Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *Clark v. Ecolab Inc.*, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). "If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Kochilas v. Nt'l Merchant Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Meigel v. Flowers of the World, NYC, Inc.*, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012). In addition,

> [i]n determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation and quotation marks omitted).

*First*, Plaintiffs' total recovery of $5,000 each with a limited waiver of their right to sue the Defendants is significantly more than what they could obtain if Defendants' calculations and records are proven.

*Second*, by settling now, Plaintiffs are able to get paid now rather than waiting for litigation to proceed and potentially prevail for a significantly lower amount.

9906042v.1

*Third*, the settlement agreement here is the product of arm's-length negotiation between experienced counsel, each of whom vigorously represented their respective clients' interests. *See, e.g., Willix v. Healthfirst, Inc.*, 2011 WL 754862, at *3 (E.D.N.Y. Feb. 18, 2011). Specifically, the amount Plaintiffs will receive is based on a compromise between Defendants' damages calculation and Plaintiffs' damages calculations.

*Fourth*, there has been no fraud or collusion here. No party has been promised or is receiving anything more than what is set forth in the settlement agreement. The compromise is reasonable for Plaintiffs who want this settlement to be approved.

*Fifth*, there is no confidentiality clause and the settlement agreement is being posted on PACER, making it a public document.

### A. Plaintiff's Attorneys' Fees and Expenses Should be Granted

Under Plaintiff's agreement with counsel, The Rose Law Group, PLLC is entitled to one third (1/3) of all recovery, an amount that has regularly been approved in the Eastern District. Plaintiff expended a total of $400.00 for filing. These costs were waived by Plaintiffs' counsel as part of the settlement agreement.

The hourly rate used by Plaintiffs' counsel in the attached summary of hours spent is justified based on the hourly rates typically approved in this district for attorneys with similar levels of experience and practice as Mr. Rose. He has significant experience litigating employment law cases, including ninety-eight (98) in his career where he has appeared, mostly as the primary counsel, in the Eastern District of New York and one hundred and fifteen (115) where he has appeared, mostly as the primary counsel, in the Southern District of New York. See Exhibit A, lists of cases in the Eastern and Southern Districts. He has successfully argued before the Second Circuit, reversing decisions for two clients in discrimination cases. See *Allen v. City of N.Y.*, 695 F. App'x 614 (2d Cir. 2017); *Lawson v. Homenuk*, 710 F. App'x 460 (2d Cir. 2017). He has served as lead counsel in trials in both the Eastern and Southern Districts which resulted in jury verdicts favorable to his clients. See *Lashley v. New Life Business Institute, Inc. et al*, 13-cv-02683 (BMC) (closed 3/9/15); *Echevarria v. Insight Med., P.C.*, 72 F. Supp. 3d 442 (S.D.N.Y. 2014). These cases do not include the dozens of cases litigated before State Courts, agencies, administrative courts, arbitrations, and those cases which have settled during the EEOC's investigation and ADR processes. He served as lead counsel in trials in State Court resulting in millions of dollars awarded to his clients in wage and hour, breach of contract, and complex corporate cases. See *Perez v. Franco et al*, Index No. 709031/2016 (Queens Supreme Court) ($172,000 verdict returned by Jury in wage and hour case); *Iqbal et al v. Kumar et al*, Index No. 3124/2014 (Nassau County Supreme Court) (verdict returned in plaintiffs' favor for over $1,500,000.00 in total for fraud and breach of contract); *Garas v. Mitsios et al*, Index No. 20657/2012 (Queens Supreme Court) ($414,494.59 judgment obtained for plaintiff in unpaid contract trial). There are dozens of summary judgment decisions filed and decided in favor of clients represented by Mr. Rose, including the first case to permit a superintendent's wife to pursue an unpaid wage claim in the Second Circuit.

In his career, Mr. Rose has supervised attorneys, support staff, and interns at various times since 2008 when working at Valli Kane and Vagnini, LLP. In 2011, Mr. Rose started his own practice, now The Rose Law Group, PLLC, and since has worked with various partners and as of-

9906042v.1

counsel to Derek Smith Law Group; Phillips & Associates; Pervez & Rehman, PC; The Law Office of David H. Rosenberg, PC, The Law Offices of Emiliano Perez, Conde & Glaser LLP, and Picerno & Associates. Each of these firms has contracted with Mr. Rose to provide lead attorney services for their clients in recognition of his experience and ability in employment and complex litigation. While The Rose Law Group, PLLC is a small firm, its work with other firms which ask him to act as lead and trial counsel in employment and complex litigation cases supports a finding that he should be considered for the highest hourly rate in the Eastern District.

Mr. Rose is recognized by Super Lawyers as a Rising Star each year since 2013 through 2019. He has been named as a Top 40 Under 40 by The American Society of Legal Advocates each of the last four years. He is a respected and accomplished attorney with sufficient experience to command a high level of hourly pay in this district. The range of fees for employment counsel in FLSA cases is between $300-$400 in the Eastern District. See *Alvarez v. Sterling Portfolio Inv. L.P.*, 2017 U.S. Dist. LEXIS 206043, at *20 (E.D.N.Y. Dec. 13, 2017) (collecting cases). It is respectfully requested that the hourly rate presented is reasonable, although not relevant to the award of fees which should include the amount agreed to by Plaintiffs in their retainer and in the attached Settlement Agreement.

The total fee sought is $4,600.00, after accounting for costs. The total hours expended was 18.6 by counsel. Exhibit B, Hours Performed by The Rose Law Group, PLLC. Using a rate of $400.00 per hour, this would have required Plaintiffs to pay $7,440.00 up front, with no guarantee of success. Instead, they opted for a contingency fee which permitted them to hire experienced and competent counsel without an outlay of fees. Plaintiffs believe the attorney fee award is reasonable because it is (1) fair and based on a contract entered into by the Plaintiffs which provides for a contingency fee in lieu of having paid on an hourly basis, (2) because Plaintiffs' counsel takes almost all cases on a contingency basis and having cases which pay more than an hourly rate permit the firm to take cases which are more difficult and less likely to pay out, and (3) because the total amount recovered by Plaintiffs is approximately the same as their base damages under their best case scenario. See *Mendez v. QL Wholesome Food, Inc.*, 2018 U.S. Dist. LEXIS 58570, at *3-4 (S.D.N.Y. Apr. 4, 2018) ("While the lodestar calculation is significantly lower than one-third of the overall settlement, 'one-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases.'") [internal citations omitted]; *Pinguil v. We Are All Frank, Inc.*, 2018 U.S. Dist. LEXIS 88339, at *15 (S.D.N.Y. May 21, 2018) (33 1/3% awarded even though lodestar was almost half); *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.") (citing *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013). This agreement should be approved expeditiously so that Plaintiffs can collect the moneys owed to them under the attached Settlement Agreement.

9906042v.1

## CONCLUSION

For all the foregoing reasons, the settlement should be approved in its entirety. Should Your Honor require any additional information, the parties are available at your convenience.

Dated: July 2, 2019

_____
Jesse C. Rose

Dated: June 2, 2019

_____
C. Zachary Rosenberg