UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DESIREE RIVERA and DANA SALVATORE,

          Plaintiffs,

          v.

FJB CONTRACTING INC. and FRANCIS J. BRADY,

          Defendants.

No. 18-CV-10164 (KMK)

ORDER

---

KENNETH M. KARAS, District Judge:

On November 1, 2019, Plaintiffs brought this class action against Defendants, pursuant to the Fair Labor Standards Act of 1983 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York State Labor Law ("NYLL"), Articles 6 and 19, alleging that Defendants "fail[ed] to pay an overtime premium for hours Plaintiff and other hourly employees were required to report to work." (*See* Compl. ¶ 1 (Dkt. No. 1).) On July 2, 2019, Defendants, one named Plaintiff, Desiree Rivera ("Rivera"), and one Opt-In Plaintiff, Dana Salvatore ("Salvatore") (together, "Plaintiffs"), jointly moved for approval of their proposed settlement. (*See* Letter from Jesse C. Rose, Esq. and C. Zachary Rosenberg, Esq. to Court ("July 2 Letter") (Dkt. No. 17); *see also* July 2 Letter Ex. A ("Proposed Settlement") (Dkt. No. 17-1); July 2 Letter Ex. C ("Time Records") (Dkt. No. 17-3).)

For the reasons that follow, the Proposed Settlement is granted.

## I. Discussion

The Second Circuit has held that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect."

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quotation marks omitted), *cert. denied*, 136 S. Ct. 824 (2016). Consequently, "the [P]arties must satisfy the Court that their agreement is 'fair and reasonable.'" *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15-CV-112, 2015 WL 7736551, at *1 (S.D.N.Y. Nov. 30, 2015).

When assessing a proposed settlement for fairness, there is generally "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the [P]arties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quotation marks omitted); *see also Matheis v. NYPS, LLC*, No. 13-CV-6682, 2016 WL 519089, at *1 (S.D.N.Y. Feb. 4, 2016) (same); *Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (same); *Martinez v. Hilton Hotels Corp.*, No. 10-CV-7688, 2013 WL 4427917, at *1 (S.D.N.Y. Aug. 20, 2013) (same).

As a number of courts have recognized, although a court should consider the totality of the circumstances, the most significant factors include:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotation marks omitted); *see also Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CV-8043, 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016) (same); *Garcia v. Jambox, Inc.*, No. 14-CV-3504, 2015 WL 2359502, at *2 (S.D.N.Y. Apr. 27, 2015) (same). Conversely, factors which weigh against finding a settlement fair and reasonable include:

2

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (quotation marks omitted); *see also Villalva-Estrada v. SXB Rest. Corp.*, No. 14-CV-10011, 2016 WL 1275663, at *2 (S.D.N.Y. Mar. 31, 2016) (same); *Garcia*, 2015 WL 2359502, at *2 (same); *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592, 2014 WL 6985633, at *2 (S.D.N.Y. Dec. 11, 2014) (same). Making this determination "is thus an information intensive undertaking," *Camacho*, 2014 WL 6985633, at *2, and "the [P]arties must provide the [C]ourt with enough information to evaluate the bona fides of the dispute," *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *1 (S.D.N.Y. Dec. 3, 2015) (quotation marks omitted). To this end, courts require information surrounding "the nature of [the] plaintiffs' claims, . . . the litigation and negotiation process, the employers' potential exposure . . . to [the] plaintiffs . . . , the bases of estimates of [the] plaintiffs' maximum possible recovery, the probability of [the] plaintiffs' success on the merits, and evidence supporting any requested fee award." *Id.* (first alteration in original) (quotation marks omitted) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015)).

Having reviewed the Proposed Settlement, the Court is satisfied that it was negotiated in good faith at arms' length and that there was no fraud or collusion. The Court is also satisfied, based on the Parties' representations, that the settlement will allow the Parties to avoid the anticipated burdens and risks of litigation. Additionally, the Court finds that the settlement sum is fair, reasonable, and adequate. The gross settlement amount under the Proposed Settlement, excluding attorneys' fees and costs, is $10,000. (*See* Proposed Settlement ¶ 2; July 2 Letter 2.) This reflects a recovery of 87% of Plaintiffs' estimated unpaid wagess of $11,440. (July 2 Letter

3

1.) This amount is well above what courts have approved as fair and reasonable. *See, e.g., Garcia v. Cloister Apt. Corp.*, No. 16-CV-5542, 2019 WL 1382298, at *2 (S.D.N.Y. Mar. 27, 2019) ("[P]laintiffs' net settlement . . . represents more than 28% of their total alleged damages and more than 72% of their claimed unpaid wages. This percentage is reasonable, especially given plaintiffs' potential obstacles to recovery."); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531, 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (approving settlement amount of less than 25% of the maximum possible recovery); *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016) (finding settlement sum fair "in light of the legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement").

Further, the Court finds the Proposed Settlement's release provision (the "Release Provision") to be appropriately "limited to the claims at issue in this [a]ction." *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015). The Release Provision states in relevant part:

> As a material inducement to the Defendants to enter into this Agreement, to the fullest extent permitted by law, Plaintiffs hereby agree to accept from the Defendants the Settlement Sum, in full resolution and satisfaction of all wage and hour claims brought by Plaintiffs in the lawsuit and hereby irrevocably and unconditionally waive, release, and forever discharge the Defendants . . . from[] any and all claims . . . which Plaintiffs now or in the future may have or claims to have against the Defendant Releasees[,] based upon or arising out of any facts, acts, conduct, . . . or things[,] limited to those asserted in the Complaint or which could have been asserted under the FLSA or NYLL.

(Proposed Settlement ¶ 3.) The Court construes this provision to be limited to the wage-and-hour claims at issue in this case. Accordingly, it is valid. *See Redwood v. Cassway Contracting Corp.*, No. 16-CV-3502, 2017 WL 4764486 at *3 (S.D.N.Y. Oct. 18, 2017) (release of the defendants "from any and all wage and hour and/or notice claims" that could have been brought permissible "because it is limited to claims relating to wage and hour issues"). While the Release Provision states that Plaintiffs releases Defendants from all wage claims "whether

4

known or unknown, . . . existing or occurring or claimed to exist or to have occurred at any time on or before the date of Plaintiffs' execution of this Agreement," (Proposed Settlement ¶ 3), the provision is nevertheless valid because it is limited the wage-and-hour claims at issue in this case.

Finally, the Court finds that the attorneys' fees requested by Plaintiff's counsel are reasonable. Under the FLSA, a successful plaintiff—including one who settles—is entitled to attorneys' fees. *See Lizondro-Garcia v. Kefi LLC*, No. 12-CV-1906, 2015 WL 4006896, at *2 (S.D.N.Y. July 1, 2015) (citing, inter alia, 29 U.S.C. § 216(b)). In the Second Circuit, courts may calculate attorneys' fees under one of two methodologies: the "lodestar" method or the "percentage of the fund" method. *See McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). "Under the percentage-of-the-fund method, the attorneys are awarded a reasonable percentage of the common fund." *Lizondro-Garcia*, 2015 WL 4006896, at *3. "Under the lodestar method, 'the district court scrutinizes the fee petition to ascertain the number of hours reasonably billed to the class and then multiplies that figure by an appropriate hourly rate.'" *Ortiz v. Chop't Creative Salad Co. LLC*, 89 F. Supp. 3d 573, 590 (S.D.N.Y. 2015) (footnote omitted) (quoting *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000)). "After the computation is done, 'the district court may, in its discretion, increase the lodestar by applying a multiplier based on "other less objective factors," such as the risk of the litigation and the performance of the attorneys.'" *Id.* at 590–91 (quoting *Goldberger*, 209 F.3d at 47). "Although [the Second Circuit] ha[s] acknowledged that the trend in this Circuit is toward the percentage method, it remains the law in this Circuit that courts may award attorneys' fees in common fund cases under either the 'lodestar' method or the 'percentage of the fund' method." *McDaniel*, 595 F.3d at 417 (some quotation marks omitted). Under either approach, courts draw

5

on the following considerations—commonly known as the "*Goldberger* factors"—when assessing the reasonableness of attorneys' fees: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger*, 209 F.3d at 50 (alteration and quotation marks omitted).

When requesting attorneys' fees in an FLSA case, "counsel must submit evidence providing a factual basis for the award." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). Although courts may elect to award fees by either considering the lodestar method—the reasonable hourly rate of the attorney multiplied by the number of hours reasonably expended—or the percentage method—a percentage of the total amount recovered by the plaintiff—"[t]he trend in [the Second] Circuit is toward the percentage method." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). Even where attorneys' fees are sought pursuant to the percentage of the fund method, "counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336; *see also Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014) ("Counsel must provide a factual basis for a fee award, typically with contemporaneous time records."). A proper fee request thus includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Nights of Cabiria*, 96 F. Supp. 3d at 181. The Court must also determine the reasonable hourly rate by considering the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012).

Under the Proposed Settlement, Plaintiff's counsel would receive $5,000 in attorneys' fees and costs, which represents exactly one-third of the total recovery of $15,000. (*See* July 2

6

Letter 3–4.) Courts routinely award attorneys in FLSA settlements one-third of the total recovery in fees. *See Garcia v. Atlantico Bakery Corp.*, No. 13-CV-1904, 2016 WL 3636659, at *1 (S.D.N.Y. June 29, 2016) ("[O]ne-third of the total award is the customary contingency percentage in FLSA cases."); *see also Ocasio v. Big Apple Sanitation, Inc.*, No. 13-CV-4758, 2016 WL 5376241, at *2 (E.D.N.Y. Mar. 16, 2016) (noting that the fee sought was "less than the typical contingency fee percentage of 33 1/3%"), *adopted by* 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016). Counsel notes that the lodestar sum would be $7,440, computed at 18.6 hours at an hourly rate of $400 per hour, (July 2 Letter 4), which is higher than the $5,000 award sought in the Proposed Settlement. Plaintiff's counsel, Jesse C. Rose ("Mr. Rose"), submitted detailed records of his billing hours along with the Proposed Settlement. (*See* Time Records.) Mr. Rose further notes that he has many years of experience litigating labor and employment cases, and has personally appeared in 98 such cases in the Eastern District of New York and 115 in the Southern District of New York, as well as numerous cases before state courts, agencies, administrative courts, and arbitration proceedings. (July 2 Letter 3.) Given Mr. Rose's litigation experience, the amount requested, and the successful recovery to Plaintiffs, the Court finds the requested attorneys' fees of $5,000 to be fair and reasonable.

## II. Conclusion

For the foregoing reasons, the Proposed Settlement is granted. The Clerk of Court is respectfully directed to terminate the pending Motion. (Dkt. No. 17.)

SO ORDERED.

Dated: July 9, 2019
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE